United States District Court
United States District Court
Southern District of Texas
ENTERED
ENTERED
March 24, 2019
October 29, 2015
David J. Bradley, Clerk
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-09-043 |
| | § | CA No C-15-474 |
| ABRAHAM SALOMON RODRIGUEZ, | § | |
| Defendant/Movant. | § | |

## MEMORANDUM OPINION & ORDER

Abraham Salomon Rodriguez filed what purports to be an order granting his motion to dismiss for lack of subject matter jurisdiction. D.E. 139. The Court treats the filing as a motion to dismiss the indictment against him for lack of subject matter jurisdiction.

## I. BACKGROUND AND CLAIMS

Rodriguez was convicted of conspiracy to posses with intent to distribute a controlled substance, more than 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) and was sentenced to 240 months' imprisonment. His plea agreement included a waiver of his right to appeal or to collaterally challenge the judgment. Rodriguez appealed, but the Fifth Circuit Court of Appeals dismissed his appeal as frivolous. *United States v. Rodriguez*, 395 Fed. App'x 108 (5th Cir. Sept. 13, 2010) (per curiam) (designated unpublished).

Rodriguez filed a timely motion to vacate, set aside, or correct his sentence in May 2011. The Court denied the motion by Memorandum Opinion & Order and Final Judgment entered December 14, 2011. Although Rodriguez appealed, the Fifth Circuit denied his request for a Certificate of Appealability. *United States v. Rodriguez*, No. 12-40079 (5th Cir. Dec. 26, 2012).

Rodriguez next filed a "Motion to Dismiss Indictment, Conviction and Sentence for of Exclusive Legislative and Subject Matter Jurisdiction Pursuant to Rule 12(b)(1) Federal Rules of Civil Procedure in Support of his complaint Affadavit #133 docket" (D.E. 136). The Court denied the motion as a second or successive § 2255 and denied him a Certificate of Appealability by Order and Final Judgment dated July 6, 2015. By his present construed motion, Rodriguez claims that his previous motion should have been granted because the government did not establish it had jurisdiction over him. Rodriguez did not appeal from the denial of his previous motion, and it has become final.

## II.  ANALYSIS

Rodriguez' claim that the Court lacked jurisdiction over him at the time he was indicted and plead guilty is purportedly brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Those rules are not applicable to the underlying criminal proceedings. The Rules of Civil Procedure are limited to civil actions. FED. R. CIV. P. 1; *United States v. Walter*, 426 Fed. App'x 239, 240 (5th Cir. Mar. 15, 2011) (per curiam) (designated unpublished); *United States v. Jaimes-Jurado*, 254 Fed. App'x 341, 342 (5th Cir. Nov. 13, 2007) (per curiam) (designated unpublished) (The "Federal Rules of Civil Procedure do not apply to criminal cases.").

Federal courts are courts of limited jurisdiction, and Rodriguez must have statutory authority for the filing of his motion. Section 2255 provides the only statutory basis for the Court to consider Rodriguez' attack on the jurisdiction of the Court during the original criminal proceedings, but as the Court previously explained, post-conviction claims of lack of jurisdiction are "subject to the statutory limitations on § 2255 review." *United States v. Scruggs*, 691 F.3d 660, 666-67 (5th Cir. 2012). Accordingly, Rodriguez' claims (which could have been brought in his original § 2255

motion) are subject to the AEDPA's limitation to a single § 2255 proceeding, unless the defendant obtains certification from the applicable Circuit Court of Appeals. *See* 28 U.S.C. § 2255(h). Furthermore, Rodriguez claims as to jurisdiction are without merit.

The district courts of the United States have jurisdiction over persons charged with violation of federal law, even if the same conduct also violates state law. *See* 18 U.S.C. § 3231;[1] *see also United States v. Perea*, 413 F.2d 65, 67 (10th Cir. 1969) ("18 U.S.C. § 3231 lodges original jurisdiction of all offenses against the United States in the district courts . . . The indictment charges offenses against the United States in language similar to that of the statutes. Subject matter jurisdiction was vested in the district courts upon the filing of the indictment."); *United States v. Masat*, 948 F.2d 923, 934 (5th Cir. 1992); *United States v. Richardson*, 2010 WL 4873669 at *1 (S.D. Tex. Nov. 23, 2010) (designated unpublished) ("The Court has subject matter jurisdiction over this case pursuant to 18 U.S.C. § 3231, giving the federal district courts subject matter jurisdiction over 'all offenses against the laws of the United States.'").

Rodriguez also challenges "legislative jurisdiction," which the Court interprets to mean the power of Congress to make criminal law. Rodriguez further relies on Article I, Section 8, clause 17 of the Constitution of the United States as support for his challenge to the jurisdiction of the district court. That clause states:

> To exercise exclusive Legislation in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States, and to exercise like Authority over all Places purchased by the Consent of the

---

[1] The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States. Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof.

*Id.*

3

Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings;--And

*Id.*

Clause 17 refers to the District of Columbia and does not limit the power of the Congress to make criminal laws. Clause 18 of that same section, the Necessary and Proper Clause, grants to Congress the authority to make all laws that shall be necessary and proper for carrying into execution all of the powers vested by the Constitution in the government of the United States. Additionally, clause 9 of Article I, § 8, authorizes Congress to establish the lower federal courts and to regulate the conduct of those courts. *Willy v. Coastal Corp.*, 503 U.S. 131, 136 (1992). The Constitution grants to Congress the authority to enact the laws off the United States and to create the federal lower court system to adjudicate claims that those laws were infringed. Rodriguez' challenge to this Court's jurisdiction over him is unfounded and is barred by 28 U.S.C. § 2255(h).

### III.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Rodriguez has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

4

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court finds that Rodriguez cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

## IV. CONCLUSION

For the reasons set forth herein, Rodriguez' construed motion to vacate, set aside, or correct sentence pursuant to § 2255 (D.E. 139) is **DENIED** as second or successive, and he is **DENIED** a Certificate of Appealability.

It is so **ORDERED.**

**SIGNED** on this 29th day of October, 2015.

JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE

5